UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

F.V.,

          Plaintiff,

    v.

OAKLAND UNIFIED SCHOOL
DISTRICT, et al.,

          Defendants.

Case No.  25-cv-08147-JCS

**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE**

Re: Dkt. No. 9

Plaintiff F.V., a minor child proceeding through a guardian ad litem, filed this action on October 9, 2024 in the Superior Court of the State of California, County of Alameda, Case No. 24CV095188 (State Court Action").  She asserted state law claims against Oakland Unified School District ("OUSD"), Christorpher Ibarra and Aspire Public Schools, a California nonprofit organization, based on allegations that she had been bullied while a student at Reach Academy and Aspire Monarch Academy and that she had been assaulted by an OUSD administrator, Christorpher Ibarra.  Ibarra answered the original complaint while OUSD filed a demurrer asserting that Plaintiff's claims were barred by her failure to file a timely government claim under Cal. Gov't Code §§ 901, 911.2.  *See* Vincent Decl., dkt. no. 1-1, ¶¶ 3, 5 & Ex. B. Plaintiff did not oppose the demurrer, instead requesting leave to file an amended complaint that would assert federal claims.  *Id.*, Ex. C.  In an order dated August 12, 2025, the state court granted Plaintiff's request.  *Id.*, Ex. E.

OUSD removed the case to this Court on September 25, 2025.  According to the Notice of Removal, Plaintiff filed a First Amended Complaint  ("FAC") in the State Court Action on August 25, 2025 and the FAC was "the first pleading in this action that sought to include claims based on federal statutes, as the original complaint relied solely on state and common law causes of action

(which were later dismissed in connection with a demurrer filed by OUSD)." Notice of Removal, dkt. no. 1, ¶ 1. However, the FAC was not attached to the declaration that was filed in support of the removal.  Instead, OUSD attached only the original complaint to that declaration and the FAC is not part of this Court's record. *See generally* Vincent Decl., dkt. no. 1-1.

Presently before the Court is Defendant Ibarra's Motion to Dismiss ("Motion").  In the Motion, Ibarra challenges the sufficiency of Plaintiff's allegations as to several of the state law claims in the FAC and further asserts that Plaintiff cannot cure these defects by amendment. Because the FAC is not in this Court's record, the Court cannot evaluate the parties' arguments in the motion papers.  Therefore, the Motion is DENIED without prejudice to refiling after Defendants cure what appears to be a procedural rather than a jurisdictional defect.[1] Defendants are ordered to file the FAC no later than **February 27, 2026.** The motion hearing set for **February 25, 2026** is vacated.  The initial case management conference set for the same date is continued to **April 22, 2026 at 2:00 p.m.**  by Zoom, id. 161 926 0804, password 050855.

**IT IS SO ORDERED.**

Dated:  February 12, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

---

[1] The Ninth Circuit has held that where it is apparent that the removal was timely and that federal jurisdiction existed, failure to attach copies of the complaint to a notice of removal is a procedural defect that does not give the district court authority to remand the case to state court sua sponte. *See Chiang v. Otis Elevator Co*., 92 F. App'x 428, 429 (9th Cir. 2004).  Here, it appears likely that the removal was timely and that there is federal question jurisdiction over the case but the Court leaves those questions open pending the filing of the FAC.