Emily Abraham, Cal State Bar No. 285019
(e) emily@abrahamgautam.com
Gautam Jagannath, Cal State Bar No. 285020
(e) gautam@abrahamgautam.com
**ABRAHAM & GAUTAM LLP**
***a civil rights boutique***
1400 Shattuck Avenue, Ste 12-160
Berkeley, CA 94704
(o) 510.982.1190
(f) 510.761.7721

*Counsel for PLAINTIFF*,
**F.V.**, a minor child, by and through guardian ad litem,
**JOSSELYN VELASQUEZ MEJIA**, an adult,

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**ALAMEDA COUNTY**
**UNLIMITED CIVIL DIVISION**

**F.V.**, a minor child, by and through guardian ad litem, **JOSSELYN VELASQUEZ MEJIA**, an adult**,**

*PLAINTIFF*,

v.

**OAKLAND UNIFIED SCHOOL DISTRICT**, a California Public Entity; **CHRISTOPHER IBARRA**, individually; and **DOES 1-20**, inclusive,

*DEFENDANTS.*

**CASE NO. 24CV095188**

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

**INTRODUCTION**

1. F.V., a minor child, by and through her guardian ad litem, JOSSELYN VELASQUEZ MEJIA, an adult, brings this action against DEFENDANTS OAKLAND UNIFIED SCHOOL DISTRICT, CHRISTOPHER IBARRA, and DOES 1-20.

**NATURE OF ACTION**

2. This action arises under federal civil rights laws, including Title VI of the Civil Rights Act of 1964 and 42 United States Code section 1983, as well as California civil rights statutes.
3. PLAINTIFF, a young Latina student, endured severe and pervasive racial discrimination, harassment, and physical assault while attending Reach Academy, a school operated by DEFENDANT OAKLAND UNIFIED SCHOOL DISTRICT, which receives substantial federal financial assistance.
4. Despite repeated reports to school officials documenting the racist harassment and violence PLAINTIFF suffered, including physical assaults by DEFENDANT CHRISTOPHER IBARRA, a school employee who told PLAINTIFF "You do not belong here" while assaulting her, DEFENDANT OUSD responded with deliberate indifference to known discrimination in violation of federal law.
5. This lawsuit seeks to hold DEFENDANTS accountable for their violations of federal civil rights laws and California law, and to obtain damages for the severe harm inflicted upon PLAINTIFF.

**JURISDICTION AND VENUE**

6. This Court has concurrent jurisdiction over claims arising under 42 United States Code section 1983 and Title VI of the Civil Rights Act.
7. Venue is proper in Alameda County pursuant to Code of Civil Procedure section 395 because the acts and injuries occurred here and DEFENDANTS reside or may be found here.
8. This Court has personal jurisdiction over DEFENDANT IBARRA because he committed the tortious acts alleged herein within Alameda County while acting as an employee of

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

DEFENDANT OUSD, and the causes of action against him arise from those acts committed within this judicial district.

9. The Court also has jurisdiction over DEFENDANT IBARRA because he has answered the original Complaint.

**PARTIES**

8. PLAINTIFF F.V. is a minor, female, Latina student who, at all relevant times, attended REACH ACADEMY, a school operated under DEFENDANT OAKLAND UNIFIED SCHOOL DISTRICT's jurisdiction.

9. DEFENDANT OAKLAND UNIFIED SCHOOL DISTRICT (hereinafter "OUSD" or "DEFENDANT OUSD") is a California public entity that operates public schools in Alameda County.

10. DEFENDANT OUSD receives substantial federal financial assistance for its educational programs and activities, making it subject to Title VI of the Civil Rights Act.

11. DEFENDANT OUSD operates REACH ACADEMY.

12. DEFENDANT CHRISTOPHER IBARRA (hereinafter "DEFENDANT IBARRA") is a natural person who worked as a school employee at REACH ACADEMY, sued individually for acts committed under color of state law.

13. DEFENDANT DOES 1-20 (hereinafter "DEFENDANT DOES"), at all relevant times were employees, agents, contractors, or assigns of DEFENDANT OUSD acting in the course and scope of their employment, agency or contractual duties.

14. PLAINTIFF is informed and believes that PLAINTIFF was owed a duty by each of said fictitious DOE DEFENDANTS and that the injuries herein alleged arose out of and were proximately caused by DEFENDANT DOES' breach of that duty.

15. PLAINTIFF will amend this Complaint to allege DEFENDANT DOES' true names and capacities when ascertained.

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

## PROCEDURAL HISTORY & STATUTE OF LIMITATIONS

16. PLAINTIFF filed her original Complaint in this action on October 9, 2024, within two years of the incidents alleged herein.

17. This First Amended Complaint is filed pursuant to Code of Civil Procedure section 472 and relates back to the filing of the original Complaint pursuant to Code of Civil Procedure section 474.

18. All claims asserted herein arise from the same general set of facts as the original Complaint and concern the same incidents, injuries, and parties (excluding those dismissed).

19. The statute of limitations for PLAINTIFF's claims is tolled during her minority pursuant to Code of Civil Procedure section 352, subdivision (a).

## STATUTORY AND REGULATORY FRAMEWORK

**Federal Civil Rights Framework**

20. Title VI of the Civil Rights Act of 1964 provides that no person shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. (42 U.S.C. § 2000d.)

21. Recipients of federal funding may be held liable for damages when they act with deliberate indifference to known acts of racial harassment in their programs.

22. Section 1983 of Title 42 of the United States Code provides a cause of action against any person who, under color of state law, deprives another of rights secured by the Constitution or laws of the United States. (42 U.S.C. § 1983.)

23. School officials may be held personally liable for constitutional violations when they act with deliberate indifference to students' constitutional rights.

**California Constitutional and Statutory Framework**

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

24. The California Constitution guarantees all students the right to be safe and secure in schools. (Cal. Const., art. I, §§ 7, 28.)

**25.** California law has long recognized that a special relationship exists between schools and their students, imposing an affirmative duty on school districts to take reasonable steps to protect students from foreseeable harm.

## COMMON FACTUAL ALLEGATIONS

26. PLAINTIFF is, at present, a ten-year-old minor Latina female.

27. PLAINTIFF was exclusively under DEFENDANT OUSD's jurisdiction and care during all relevant times between August 2022 and March 2024.

28. DEFENDANT OUSD receives substantial federal financial assistance for its educational programs and activities.

29. REACH ACADEMY receives federal funding as a public educational institution under the jurisdiction of DEFENDANT OUSD.

30. DEFENDANT OUSD has adopted policies prohibiting discrimination, harassment, intimidation, and bullying based on race, ethnicity, and other protected characteristics, as required by Education Code section 234.1 and reflected in OUSD Board Policy sections 5131.2 and 5145.3.

31. These policies recognize that all students are entitled to a safe school environment free from discrimination and that student safety is the highest priority.

### Racial Harassment and Discrimination at Reach Academy

32. PLAINTIFF began attending REACH ACADEMY, located in Oakland, California, under the jurisdiction of DEFENDANT OUSD in August 2022.

33. Immediately after starting at REACH ACADEMY, PLAINTIFF began experiencing relentless bullying and racial harassment, including being pushed, kicked, and subjected to racist and derogatory remarks by other students based on her race and ethnicity.

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

34. On multiple occasions, PLAINTIFF found letters on her desk, in plain view of DEFENDANT OUSD's staff, from other students with cruel, derogatory messages, including letters stating, "I hate you" and "I don't care about you, fuck you."

35. PLAINTIFF was repeatedly called "stupid," insulted for her perceived inability to read English, and subjected to other derogatory insults by classmates, including several instances occurring in plain view of DEFENDANTS' staff in classroom settings.

36. Throughout her time at REACH Academy, PLAINTIFF was subjected to racist remarks by other students who berated PLAINTIFF with negative, cruel comments about her skin color and made insinuations that PLAINTIFF's father abandoned her family, comments specifically intended as attacks against PLAINTIFF's race and ethnicity.

37. These insults were rooted in racist and xenophobic beliefs about Latinos.

38. On multiple occasions, PLAINTIFF was physically kicked and shoved by classmates, several incidents of which occurred while in class in plain view of teachers and staff.

**Assault by DEFENDANT IBARRA**

39. Most concerning of all, PLAINTIFF suffered assault at the hands of DEFENDANT IBARRA, a REACH ACADEMY employee acting under color of state law.

40. On or about January 13, 2023, DEFENDANT IBARRA forcibly dragged PLAINTIFF by the arm and pushed PLAINTIFF against a fence during recess while stating "You do not belong here."

41. On or about January 17, 2023, DEFENDANT IBARRA again physically assaulted PLAINTIFF in a similar manner, dragging her by the arm and pushing her against a fence.

42. These assaults were motivated by racial animus, as evidenced by DEFENDANT IBARRA's statement that PLAINTIFF did not belong at the school.

**Reports and Deliberate Indifference**

43. PLAINTIFF and her mother made numerous attempts to report the harassment, discrimination, and assault PLAINTIFF was enduring.

44. On or around February 8, 2023, PLAINTIFF's mother notified REACH ACADEMY and OUSD Ombudsperson/Title IX Coordinator Gabriel Valenzuela of the ongoing bullying and mistreatment of PLAINTIFF, including the racial harassment and the assaults by DEFENDANT IBARRA.

45. She followed up with an in-person report to Principal Natasha Moore on March 9, 2023, where she detailed the incidents of bullying, racial harassment, and the assaults by DEFENDANT IBARRA, and requested intervention.

46. Despite these reports providing DEFENDANT OUSD with actual knowledge of severe racial harassment and physical assault, DEFENDANTS failed to adequately respond or investigate.

47. PLAINTIFF's mother filed three formal complaints with DEFENDANT OUSD, all of which were ignored.

48. DEFENDANT OUSD took no meaningful action to investigate the assaults by DEFENDANT IBARRA, failed to discipline or terminate DEFENDANT IBARRA, and failed to implement any remedial measures to address the hostile educational environment created by the pervasive racial harassment.

49. DEFENDANT OUSD's complete failure to respond to known racial discrimination and assault constitutes deliberate indifference under federal law.

50. REACH ACADEMY administration, including Principal Moore, failed to take appropriate, reasonable action despite multiple reports and complaints from PLAINTIFF and her mother documenting severe racial harassment and physical assault.

**Resulting Harm**

51. As a direct result of the racial discrimination, harassment, and assault, PLAINTIFF experienced severe and progressive degradation in her mental health, resulting in self-harm behavior, panic

attacks, and instances of outbreaks of hives identified by PLAINTIFF's medical professionals as manifestations of stress induced by being tormented at DEFENDANT OUSD's school.

52. PLAINTIFF was effectively denied equal access to educational opportunities and benefits due to the hostile environment created by the unchecked racial harassment and violence.

53. PLAINTIFF missed numerous school days, experienced declining academic performance, and required supplemental educational support as a direct result of the discrimination.

54. PLAINTIFF was bullied so severely and DEFENDANT OUSD's deliberate indifference to the discrimination was so complete that her mother was forced to remove PLAINTIFF from REACH ACADEMY in March 2023 to protect PLAINTIFF's safety and life.

**FIRST CAUSE OF ACTION**
**Racial Discrimination in Violation of Title VI of the Civil Rights Act of 1964**
**(42 U.S.C. § 2000d et seq.)**
**(Against DEFENDANT OUSD)**

55. PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

56. DEFENDANT OUSD receives federal financial assistance for its educational programs and activities and is therefore subject to Title VI of the Civil Rights Act of 1964, which prohibits discrimination on the basis of race, color, or national origin in any program or activity receiving federal financial assistance. (42 U.S.C. § 2000d.)

57. PLAINTIFF, a Latina student, was subjected to severe, pervasive, and objectively offensive racial harassment and discrimination while attending REACH ACADEMY, a program operated by DEFENDANT OUSD.

58. The harassment included racist verbal abuse, physical violence motivated by race, racially derogatory letters, and physical assault by a school employee who explicitly stated PLAINTIFF did not belong at the school based on her race.



ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

59. DEFENDANT OUSD had actual knowledge of the racial harassment and discrimination through multiple reports from PLAINTIFF's mother to school administrators, including reports to the OUSD Ombudsperson/Title IX Coordinator and Principal Moore in February and March 2023.

60. An appropriate person with authority to institute corrective measures — including OUSD's Ombudsperson/Title IX Coordinator and Principal Moore — had actual knowledge of the harassment by February 8, 2023 and March 9, 2023, yet OUSD's response was deliberately indifferent and clearly unreasonable in light of the known circumstances.

61. These reports specifically detailed the racial nature of the harassment and the assaults by DEFENDANT IBARRA.

62. Despite having actual knowledge of severe racial harassment, DEFENDANT OUSD acted with deliberate indifference by failing to take any reasonable remedial action.

63. DEFENDANT OUSD failed to investigate the complaints, failed to discipline perpetrators including DEFENDANT IBARRA, failed to implement any measures to stop the harassment, and ignored three formal written complaints.

64. This deliberate indifference is actionable under Title VI, specifically intentional discrimination based on deliberate indifference to known racial harassment.

65. The racial harassment was so severe, pervasive, and objectively offensive that it effectively barred PLAINTIFF's access to educational opportunities and benefits, forcing her mother to withdraw her from school for her safety.

66. DEFENDANT OUSD's deliberate indifference to known racial discrimination was clearly unreasonable in light of the known circumstances and constitutes intentional discrimination in violation of Title VI.

67. As a direct and proximate result of DEFENDANT OUSD's violations of Title VI, PLAINTIFF suffered educational losses, required supplemental educational services, incurred medical expenses, and suffered other compensatory damages permitted under Title VI.

## SECOND CAUSE OF ACTION
**Violation of Equal Protection - 42 U.S.C. § 1983**
**(Against DEFENDANT IBARRA)**

68. PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

69. At all relevant times, DEFENDANT IBARRA was acting under color of state law as an employee of DEFENDANT OUSD, a state actor.

70. DEFENDANT IBARRA's actions were taken in his capacity as a school employee during school hours on school grounds while supervising students.

71. DEFENDANT IBARRA violated PLAINTIFF's right to equal protection under the Fourteenth Amendment by intentionally discriminating against her based on her race and ethnicity.

72. On January 13 and 17, 2023, DEFENDANT IBARRA physically assaulted PLAINTIFF by dragging her by the arm and pushing her against a fence while stating "You do not belong here," demonstrating clear racial animus.

73. DEFENDANT IBARRA's statement evidences discriminatory animus and his disparate treatment of PLAINTIFF based on her race.

74. DEFENDANT IBARRA's targeting of PLAINTIFF for physical assault based on her race violated clearly established constitutional rights of which a reasonable person would have known.

75. No reasonable school official could believe that physically assaulting a student based on race was lawful.

76. DEFENDANT IBARRA's discriminatory conduct was intentional, motivated by racial animus, and violated PLAINTIFF's clearly established right to be free from racial discrimination in public education.

77. The physical assault accompanied by racially charged statements constitutes a clear equal protection violation.

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

78. As a direct and proximate result of DEFENDANT IBARRA's violations of PLAINTIFF's constitutional rights, PLAINTIFF suffered severe emotional distress, physical injury, and required medical and psychological treatment.

79. PLAINTIFF seeks compensatory and punitive damages against DEFENDANT IBARRA in his individual capacity.

**THIRD CAUSE OF ACTION**
**Violation of Substantive Due Process - 42 U.S.C. § 1983**
**(Against DEFENDANT IBARRA)**

80. PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

81. At all relevant times, DEFENDANT IBARRA was acting under color of state law as an employee of DEFENDANT OUSD.

82. DEFENDANT IBARRA violated PLAINTIFF's substantive due process rights under the Fourteenth Amendment by engaging in conduct that shocks the conscience.

83. DEFENDANT IBARRA's physical assault of PLAINTIFF, a young elementary school student, by dragging her by the arm and pushing her against a fence on multiple occasions constitutes excessive force that shocks the conscience.

84. The use of physical force against elementary school students in non-emergency situations violates clearly established constitutional rights.

85. DEFENDANT IBARRA's deliberate use of force against a young child, motivated by racial animus rather than any legitimate disciplinary purpose, represents a brutal and inhumane abuse of official power that shocks the conscience.

86. No reasonable school official would believe that dragging and pushing a young student against a fence while making racially discriminatory statements was constitutionally permissible.

87. DEFENDANT IBARRA's conduct violated clearly established law prohibiting excessive force against students.

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

88. As a direct and proximate result of DEFENDANT IBARRA's violations of PLAINTIFF's constitutional rights, PLAINTIFF suffered severe emotional distress, physical injury, and required medical and psychological treatment.

89. PLAINTIFF seeks compensatory and punitive damages against DEFENDANT IBARRA in his individual capacity.

**<u>FOURTH CAUSE OF ACTION</u>**
**Assault and Battery**
**(Against DEFENDANT IBARRA)**

90. PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

91. On or about January 13 and 17, 2023, DEFENDANT IBARRA intended to cause and did cause harmful and offensive contact with PLAINTIFF when he grabbed PLAINTIFF by the arm, dragged her, and pushed her against a fence.

92. PLAINTIFF did not consent to this contact and reasonably believed she was about to be touched in a harmful and offensive manner.

93. DEFENDANT IBARRA's intentional physical contact with PLAINTIFF was harmful and offensive, causing PLAINTIFF to suffer physical pain and emotional distress.

94. The contact was without privilege or justification and exceeded any lawful authority DEFENDANT IBARRA may have had as a school employee.

95. DEFENDANT IBARRA's offensive contact would offend any reasonable person's sense of personal dignity, particularly given that PLAINTIFF was a young child and DEFENDANT IBARRA was an adult in a position of authority.

96. The assault and battery were accompanied by the discriminatory statement "You do not belong here," demonstrating the malicious intent behind the physical contact.

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

97. DEFENDANT IBARRA's assault and battery were a substantial factor in causing harm to PLAINTIFF, including physical injury, severe emotional distress, and lasting psychological trauma.

98. As a direct and proximate result of DEFENDANT IBARRA's tortious conduct, PLAINTIFF suffered damages including pain and suffering, emotional distress, and medical expenses.

**FIFTH CAUSE OF ACTION**
**Violation of Ralph Civil Rights Act**
**(Civil Code § 51.7)**
**(Against DEFENDANT IBARRA)**

99. PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

100. The Ralph Civil Rights Act provides that all persons have the right to be free from violence or intimidation by threat of violence committed against their person or property because of their race, color, religion, ancestry, national origin, or other protected characteristics. (Civ. Code, § 51.7.)

101. DEFENDANT IBARRA committed acts of violence against PLAINTIFF's person by physically assaulting her on January 13 and 17, 2023, when he dragged her by the arm and pushed her against a fence.

102. These acts of violence were motivated by PLAINTIFF's race and ethnicity, as evidenced by DEFENDANT IBARRA's statement "You do not belong here" during the assault.

103. DEFENDANT IBARRA's violence and threats of violence based on PLAINTIFF's race interfered with PLAINTIFF's constitutional and statutory rights, including her right to equal access to education and her right to be free from discrimination in public accommodations.

104. The physical assault of a young Latina student accompanied by racially charged statements constitutes a clear violation of the Ralph Act.

105. Pursuant to Civil Code section 52, subdivision (b), PLAINTIFF is entitled to actual damages, damages for emotional distress, a civil penalty of twenty-five thousand dollars, attorney's fees, and punitive damages.

106. The conduct was particularly egregious given the power imbalance between an adult school official and a young elementary school student.

107. As a direct and proximate result of DEFENDANT IBARRA's violations of the Ralph Act, PLAINTIFF suffered severe emotional distress, physical injury, and required medical and psychological treatment.

**SIXTH CAUSE OF ACTION**
**Violation of Bane Civil Rights Act**
**(Civil Code § 52.1)**
**(Against DEFENDANT IBARRA)**

108. PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

109. The Bane Act provides a cause of action when a person interferes by threat, intimidation, or coercion with the exercise or enjoyment of constitutional or statutory rights. (Civ. Code, § 52.1.)

110. PLAINTIFF had constitutional and statutory rights to be free from discrimination based on race, to equal protection under the law, and to access public education free from violence and intimidation.

111. DEFENDANT IBARRA interfered with PLAINTIFF's exercise and enjoyment of these rights through threats, intimidation, and coercion.

112. DEFENDANT IBARRA used physical force and intimidation when he assaulted PLAINTIFF, dragging her by the arm and pushing her against a fence while stating she did not belong at the school.

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

113. This conduct was motivated by discriminatory animus based on PLAINTIFF's race and ethnicity.

114. DEFENDANT IBARRA's use of physical violence and intimidation prevented PLAINTIFF from exercising her right to attend school free from discrimination and violence.

115. The coercive conduct created a climate of fear that interfered with PLAINTIFF's ability to access educational opportunities on equal terms with other students.

116. Pursuant to Civil Code section 52.1, subdivision (h), PLAINTIFF is entitled to actual damages and, where authorized, treble damages, and attorney's fees.

117. DEFENDANT IBARRA's conduct was particularly egregious as it involved an adult school official using violence against a young child based on racial animus.

118. As a direct and proximate result of DEFENDANT IBARRA's violations of the Bane Act, PLAINTIFF suffered severe emotional distress, was deprived of educational opportunities, and required medical and psychological treatment.

## SEVENTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**(Against DEFENDANT IBARRA)**

119. PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

120. DEFENDANT IBARRA engaged in extreme and outrageous conduct when he physically assaulted PLAINTIFF, a young elementary school student, on multiple occasions.

121. The conduct of an adult school official dragging a child by the arm and pushing her against a fence while making racially discriminatory statements exceeds all bounds of decency tolerated in a civilized society.

122. DEFENDANT IBARRA intended to cause PLAINTIFF emotional distress or acted with reckless disregard of the probability that PLAINTIFF would suffer emotional distress.

123. Any reasonable person would know that physically assaulting a young child while telling her she does not belong would cause severe emotional trauma.

124. The conduct was particularly outrageous given the power differential between DEFENDANT IBARRA as an adult authority figure and PLAINTIFF as a young, vulnerable student.

125. The racial motivation behind the assault, evidenced by DEFENDANT IBARRA's statement that PLAINTIFF did not belong at the school, renders the conduct even more extreme and outrageous.

126. PLAINTIFF suffered severe emotional distress as a result of DEFENDANT IBARRA's conduct, including documented panic attacks, self-harm behavior, stress-induced hives, and psychological trauma requiring ongoing treatment.

127. The emotional distress was severe and of a nature that no reasonable person should be expected to endure.

128. DEFENDANT IBARRA's extreme and outrageous conduct was a substantial factor in causing PLAINTIFF's severe emotional distress.

129. As a direct and proximate result, PLAINTIFF has incurred and continues to incur damages including medical and psychological treatment expenses, pain and suffering, and emotional distress.

**<u>EIGHTH CAUSE OF ACTION</u>**
**Discrimination in Violation of Education Code § 220**
**(Against DEFENDANT IBARRA)**

130. PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

131. Education Code section 220 provides that no person shall be subjected to discrimination on the basis of race, ethnicity, or nationality in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance.



ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

132. DEFENDANT IBARRA subjected PLAINTIFF to discrimination on the basis of her race and ethnicity while she was participating in educational programs at REACH ACADEMY, which receives state financial assistance.

133. DEFENDANT IBARRA's physical assault of PLAINTIFF accompanied by the statement "You do not belong here" constituted discrimination based on PLAINTIFF's race and ethnicity in violation of Education Code section 220.

134. The discrimination was severe and pervasive, creating a hostile educational environment that effectively denied PLAINTIFF equal access to educational opportunities.

135. DEFENDANT IBARRA's discriminatory conduct violated PLAINTIFF's rights under Education Code section 220.

136. As a direct and proximate result of DEFENDANT IBARRA's violations of Education Code section 220, PLAINTIFF suffered severe emotional distress, physical injury, loss of educational opportunities, and required medical and psychological treatment.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

**As to DEFENDANT OUSD:**

1. For compensatory damages permitted under Title VI (excluding punitive and emotional distress damages), including educational losses, medical expenses, and other economic harms according to proof at trial;
2. For attorney's fees and costs pursuant to 42 United States Code section 1988, subdivision (b);
3. For prejudgment interest as permitted by law;

**As to DEFENDANT IBARRA:**

1. For compensatory damages according to proof at trial;
2. For punitive damages in an amount sufficient to punish DEFENDANT IBARRA for his malicious, oppressive, and despicable conduct and to deter such conduct in the future;

3. For statutory remedies under the Ralph Act, including the twenty-five-thousand-dollar civil penalty pursuant to Civil Code section 52, subdivision (b);
4. For attorney's fees under the Bane Act pursuant to Civil Code section 52.1, subdivision (h);
5. For attorney's fees and costs pursuant to 42 United States Code section 1988;
6. For prejudgment interest as permitted by law;

Respectfully submitted,

Dated: August 25, 2025

Emily Abraham, Esq.
Gautam Jagannath, Esq.
**ABRAHAM & GAUTAM, LLP**
*Counsel for PLAINTIFF*
1400 Shattuck Avenue, Ste 12-160
Berkeley, CA 94704

**<u>JURY DEMAND</u>**

PLAINTIFF hereby demand a jury trial on all claims for relief alleged in, and on all issues raised by, this Complaint.

Respectfully submitted,

Dated: August 25, 2025

Emily Abraham, Esq.
Gautam Jagannath, Esq.
**ABRAHAM & GAUTAM, LLP**
*Counsel for PLAINTIFF*
1400 Shattuck Avenue, Ste 12-160
Berkeley, CA 94704

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE